IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** | : | CIVIL ACTION |
| | : | |
| | : | No. 14-2422 |
| v. | : | |
| | : | |
| **MARJER, INC.,** | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                              **October 24, 2012**

For the second time, plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") moves for leave to serve the defendant Marjer Inc. ("Marjer") by registered mail and regular mail addressed to Marjer's president, Mark Gawron, and by hand delivery to the office of an attorney who represents Marjer in unrelated state court actions. It contends that despite its attempts to serve Marjer eleven times at five different addresses, it has been unable to effectuate service because Marjer is engaging in "blatant avoidance tactics."[1]

On April 28, 2014, Deutsche Bank filed this action to quiet title to real property located in Montgomery County, Pennsylvania.[2] After it unsuccessfully attempted service, it moved to serve Marjer by mail addressed to Marjer's president, Mark Gawron.[3] Deutsche Bank's first motion for alternative service was denied because it

---

[1] Pl's Second Mot. for Service Upon Def.'s Registered Address and Def.'s Att'y and to Extend Time to Effectuate Service (Pl's Second Mot.) at 10 (Doc. No. 6-1).

[2] Compl. at 6 (Doc. No. 1).

[3] Order at n. 1. (Doc. No. 4).

failed to establish that it had "diligently attempted to serve Marjer."[4]  Since then, Deutsche Bank has conducted searches to identify addresses where Marjer's president may be located.  But, it did not sufficiently pursue those leads.  Because Deutsche Bank has failed to demonstrate that it made a good faith effort to locate the defendant, we shall deny its motion.

### Deutsche Bank's First Attempt to Locate and Serve Marjer

Prior to filing its first motion for alternative service, Deutsche Bank unsuccessfully attempted to locate and serve Marjer.  Its search of the Pennsylvania Department of State's records revealed that Marjer's registered address is RR#2 Box 288C, SR 507 Greentown, Pennsylvania, alternatively known as 1261 Route 507, Greentown, PA 18426.[5]  The process server found a different company, "1st Impression Construction Company" at this address.  The postmaster informed her that "constables and the Sheriff had also been unsuccessfully attempting to contact Defendant at this address."[6]

A LexisNexis Business Contacts Search identified an alternate address for Marjer at 642 Boulevard Avenue, Scranton, Pennsylvania.[7]  When she attempted personal service at that address, the process server was told by the couple who answered the door that Gawron, whom they knew, did not live there.  They refused to

---

[4] Order (Doc. No. 4).  Deutsche Bank's first motion for alternative service was denied without prejudice because it had not attempted to serve Gawron at all of the addresses identified in its investigation, had only attempted service one time at each of the addresses visited and had not exhausted all reasonable attempts to serve Marjer.  Id. at n.1

[5] Pl.'s Mot. for Service Upon Def.'s Att'y ("Pl.'s First Mot.") at n.1; 2 (Doc. No. 3).

[6] Id. at 3-4.

[7] Pl.'s First Mot. at n.1.

failed to establish that it had "diligently attempted to serve Marjer."[4]  Since then, Deutsche Bank has conducted searches to identify addresses where Marjer's president may be located.  But, it did not sufficiently pursue those leads.  Because Deutsche Bank has failed to demonstrate that it made a good faith effort to locate the defendant, we shall deny its motion.

### Deutsche Bank's First Attempt to Locate and Serve Marjer

Prior to filing its first motion for alternative service, Deutsche Bank unsuccessfully attempted to locate and serve Marjer.  Its search of the Pennsylvania Department of State's records revealed that Marjer's registered address is RR#2 Box 288C, SR 507 Greentown, Pennsylvania, alternatively known as 1261 Route 507, Greentown, PA 18426.[5]  The process server found a different company, "1st Impression Construction Company" at this address.  The postmaster informed her that "constables and the Sheriff had also been unsuccessfully attempting to contact Defendant at this address."[6]

A LexisNexis Business Contacts Search identified an alternate address for Marjer at 642 Boulevard Avenue, Scranton, Pennsylvania.[7]  When she attempted personal service at that address, the process server was told by the couple who answered the door that Gawron, whom they knew, did not live there.  They refused to

---

[4] Order (Doc. No. 4).  Deutsche Bank's first motion for alternative service was denied without prejudice because it had not attempted to serve Gawron at all of the addresses identified in its investigation, had only attempted service one time at each of the addresses visited and had not exhausted all reasonable attempts to serve Marjer.  Id. at n.1

[5] Pl.'s Mot. for Service Upon Def.'s Att'y ("Pl.'s First Mot.") at n.1; 2 (Doc. No. 3).

[6] Id. at 3-4.

[7] Pl.'s First Mot. at n.1.

accept service on his behalf or to disclose where he could be reached.[8]

Deutsche Bank examined local telephone directories, performed two public records searches, made a voter registration inquiry, and performed a mortgage and deed search in Lackawanna County, Pennsylvania.  This paper search uncovered two more potential addresses for Gawron.  They were a current address at 146 Bellman Street in Throop, Pennsylvania, and a prior address at 818 Griffon Pond Road in Clark Summit, Pennsylvania.[9]

Deutsche Bank attempted service at 146 Bellman Street, a three-unit apartment building.  The process server spoke to the occupant of one of the units who stated that he had never heard of a Mark Gawron.[10]  When the process server went to 818 Griffon Pond Road, there was no answer.[11]

Deutsch Bank learned that William Vinsko, Esq. represents Gawron and Marjer in other cases, two of which are active.[12]  Vinsko did not provide assistance locating Gawron and declined to accept service for Marjer.[13]

### Subsequent Attempts to Locate and Serve Marjer

In support of its present motion, Deutsche Bank states that since its first motion was denied, it has submitted nine requests for information to the Post Office pursuant to the Freedom of Information Act.  The Post Office denied those requests and directed

---

[8] *Id.* at 5

[9] *Id.* at 5-6.

[10] Pl's First Mot. at 6.

[11] *Id.*

[12] Pl's First Mot. at 7.

[13] *Id.*

Deutsche Bank to make the requests pursuant to the Privacy Act.[14]  Deutsche Bank contends that it unsuccessfully "conducted multiple attempts at service of process at each address found."[15]  It attempted service once more at Marjer's registered address in Greentown, Pennsylvania. Again, the process server found it to be occupied by "1st Impression Construction Company."[16]

Another post office inquiry revealed that a P.O. Box registered to Mark Gawron is connected to 118 Main Street in Blakely, Pennsylvania.[17]  Deutsche Bank attempted service at this address three times: Saturday, June 28, 2014, at 9:00 A.M.; Tuesday, July 1, 2014, at 12:10 P.M.; and Tuesday, July 8, 2014, at 6:20 P.M.[18]  The process server reported that the entrances "appeared unsafe for use," and the home empty and under construction.[19]  Also, a post office inquiry verified that the 818 Griffon Pond Road address is "good as addressed," so Deutsche Bank made three additional attempts there without success on Saturday, June 28, 2014, at 10:30 A.M.; Tuesday, July 1, 2014, at 12:33 P.M.; and Tuesday, July 8, 2014, at 5:48 P.M.[20]  The process server observed a Dodge Charger in the driveway with a "Dealer" tag.[21]  Deutsche Bank did

---

[14] Pl's Second Mot. at n. 4.

[15] *Id.* at 7.

[16] *Id.* at 8.

[17] Pl's Second Mot. at 9.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

not attempt to serve Marjer again at its registered address at 642 Boulevard Avenue.[22]

## Discussion

A corporation, such as Marjer, must be served "by delivering a copy of the summons and of the complaint to an officer, a manager or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."[23] Fed. R. Civ. P. 4(h)(1)(A).

There is no federal rule providing for alternative service. However, by virtue of Fed. R. Civ. P. 4(h)(1)(A) permitting any method of service allowed by the state in which the judicial district is located, Pennsylvania Rule of Civil Procedure 430 opens the door for alternative service. That rule provides that "the plaintiff may move the court for a special order directing" an alternative method of service. Pa. R. Civ. P. 430(a). Thus, we apply Rule 430(a).

Rule 430 does not explicitly state the prerequisites for obtaining an order for alternative service. However, it requires the plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). Implicit in this requirement is the plaintiff's obligation to make both a good faith effort to locate the defendant and a practical effort to serve the defendant.

---

[22] *Id.*

[23] Fed. R. Civ. P. 4(h)(1)(A).

Alternative service is only appropriate as a "last resort" when regular service cannot be made. *Johnson v. Berke Young Int'l LLC*, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007) (citing *Grove v. Guilfoyle*, 222 F.R.D. 255 (E.D. Pa. 2004)). In other words, the plaintiff must establish that service cannot be made before it will be permitted to serve defendant by an alternative method.

The plaintiff must demonstrate that:  1) it made a good faith effort to locate the defendant; 2) it made practical efforts to serve the defendant under the circumstances; and 3) its proposed alternate means of service is "reasonably calculated to provide the defendant with notice of the proceedings against him." *Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007). If the plaintiff does not satisfy the first two requirements, there is no need to consider the third one.

**Good Faith Efforts to Locate Defendant**

Good faith efforts require more than a "mere paper search." *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989). The note to Rule 430 provides a non-exhaustive list of good faith efforts: 1) inquiries of postal authorities, including inquiries pursuant to the Freedom of Information Act, 29 C.F.R. Part 265; 2) inquiries of relatives, neighbors, friends and employers of the defendant; and 3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.[24] Other efforts include "searching the Internet, calling telephone directory assistance, and hiring private investigators or skip tracer services." *Barbosa v. Dana Capital Grp,. Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009)

---

[24] Pa. R. Civ. P. 430(a), note.

(citations omitted). "When a plaintiff fails to utilize most of these methods, he will not be able to show that regular service cannot be made." *Id.*; *Berke Young Int'l LLC*, 2007 WL 3010531 at *1.

Deutsch Bank claims that it performed public records searches, made post office requests for information, examined local telephone directories, made a voter registration inquiry and performed mortgage and deed searches in Lackawanna County.[25] This investigation revealed six physical addresses and two P.O. Boxes attributed to Marjer or Gawron.

Deutsch Bank's process server visited 642 Boulevard Avenue, Marjer's registered address, once. After speaking to two persons on the property who claimed they did not know anyone by the name of Mark Gawron, the process server did not return. When she visited 146 Bellman Street, a three-unit apartment building, she encountered an occupant of one of the units who claimed he did not know a Mr. Gawron. She did not return to this address to determine whether Gawron lived in one of the other units. Nor did she question any of the occupants in those other units.

That the process server received no answer at certain locations, or spoke to people on the premises who did not know Gawron or were unwilling to accept service on his behalf does not establish that Gawron does not reside at those locations or that he is evading service. At most, it shows that he was simply not there at those times.

The process server never visited 842 Adams Court or 111 Regal Court, the property which is the subject of this action. Neither did the process server visit the physical location of the two P.O. Boxes or surveil any of the properties. Deutsch Bank did not hire a private investigator or skip trace professionals to locate Marjer or Gawron.

---

[25] Pl's Second Mot. at 2.

Deutsch Bank did not identify and interview relatives, neighbors, friends or employers of Gawron. There is no indication that the process server displayed photos of Gawron or provided a physical description of him when she interviewed persons at different locations about Gawron's whereabouts. There is no verification of a driver's license or vehicle registrations in connection with Gawron. The process server observed vehicles at more than one address. Yet, she made no attempt to verify the ownership of those vehicles.

Though Deutsch Bank identified Marjer's attorney and active cases in which Marjer is a party, it did not search the court records associated with those cases to determine Marjer's contact information, or contact any of the parties or their attorneys. Nor did it peruse discovery in those cases for contact information or further leads.

### Practical Efforts to Serve Defendant

A plaintiff must also demonstrate that once it located the defendant, it made practical efforts to serve the defendant under the circumstances. Generally, a plaintiff must make multiple attempts to serve a defendant in order to demonstrate that alternative service is necessary. *See Banks v. Alvarez*, No. 08-2030, 2008 WL 2579704, at *2 (E.D. Pa. June 30, 2008). Though "[t]he number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical . . . it is certainly probative." *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009). "Visiting the defendant's location on different days of the week, or at different times of day" may be necessary. *Shannon Cab Co.*, 2007 WL 2319776 at *2. Three attempts may be insufficient where two occurred on the same day of the week and two were made at the same time of day.

8

*Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).  A stake out may be necessary to demonstrate that all practical efforts were made to serve defendant. *Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, No. 11-6938, 2012 WL 682381, at *3 (E.D. Pa. Mar. 2, 2012); *Shannon Cab Co.*, 2007 WL 2319776 at *2.

Deutsch Bank attempted service of process "11 different times at five different addresses to no avail."[26]  However, it did not attempt service at all properties where Gawron may be located.  Its process server did not go to the property which is the subject of the action, 111 Regal Court, Limerick, Pennsylvania 19468, or to 842 Adams Court in Throop, Pennsylvania, which a LexisNexis public records search revealed as Gawron's address.  It only sent a process server once to two locations associated with defendant.[27]  Additionally, though Deutsch Bank's process server returned to two of the addresses three times at different times of day on different days of the week, she did not stake out any of the properties or the physical locations where the defendant has P.O. Boxes.

**Motion for Extension of Time to Effectuate Service**

If a plaintiff demonstrates good cause for failing to serve the defendant within the 120-day period, the court must extend the period of time for service. Fed. R. Civ. P. 4(m).  Even absent a showing of good cause, the court may, in its discretion, extend the time for service.  *Id.*

Good cause for an extension requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance

---

[26] Pl's Second Mot. at 10.

[27] Deutsch Bank's process server only visited 642 Boulevard Avenue in Scranton and 146 Bellman Street in Throop, Pennsylvania one time each, and did not revisit either location after the first motion for alternative service was denied.

within the time specified in the rules." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (citation and internal quotations omitted). We look primarily at the plaintiff's excuse for failing to serve the defendant within the time limit. *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995). Certainly, the absence of a good faith effort does not imply bad faith on the plaintiff's part. The good faith test is one of diligence and adequacy.

As we have determined, Deutsche Bank has not made a good faith effort to locate the defendant. Nor has it made practical efforts to serve Marjer. Deutsche Bank has not provided any factual basis for its claim that the defendant is engaging in "blatant avoidance tactics" preventing it from making service.[28] Thus, Deutsche Bank is not entitled to a mandatory extension.

In deciding whether to grant a discretionary extension, we consider whether: 1) the applicable statute of limitations has expired; 2) the defendant is evading service; 3) the plaintiff is *pro se*; and 4) the defendant has actual notice of the action. *Sanders-Darigo v. CareersUSA,* 847 F. Supp. 2d 778, 784 (E.D. Pa. 2012). This is a non-exhaustive list. *Petrucelli,* 46 F.3d at n.8.

None of these factors is present here. Deutsch Bank is not *pro se*. The statute of limitations will not bar refiling.[29] Although his counsel may know about the case, there is no evidence that counsel made Marjer or Gawron aware of the plaintiff's claim.

---

[28] Pl's Second Mot. at 10.

[29] An action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity, or discharge of, any document, obligation or deed affecting any right, lien, title or interest in the land." Pa. R. Civ. P. 1061(b)(3). Pennsylvania has a 21-year limitation period. 42 Pa. Cons. Stat. Ann. § 5530(a).

Nor is there any proof that Gawron is evading service. Therefore, the motion to extend the period to effectuate service will be denied.

## Conclusion

Deutsche Bank has failed to demonstrate that it made a good faith effort to locate Marjer and that it made practical efforts to serve Marjer. Therefore, we shall deny Deutsche Bank's motion.